CARL J. BATTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 81875.    Promulgated April 13, 1938.

*Charles M. Trammell, Esq.,* for the petitioner.
*Benjamin M. Brodsky, Esq.,* for the respondent.

OPINION.

MURDOCK: The petitioner allowed a number of puts to expire unexercised during the taxable year and thereby suffered a loss of $8,249.99. The loss was incurred in transactions entered into for profit and was not compensated for by insurance or otherwise. The only question in this case is whether or not this loss was subject to the limitations of section 23 (r). If it was not, then it is deductible in its entirety under section 23 (e). But if it is subject to the limitation of subsection (r), then no part of it is deductible and it does not benefit the petitioner in any way, since he had no gains from the sale or exchange of noncapital assets which it might offset. Subsection (r) is entitled "Limitation on Stock Losses," and it provides that losses from sales or exchanges of stock which are not capital assets shall be allowed only to the extent of the gains from such sales or exchanges. The petitioner argues that the losses in question were not losses from sales or exchanges of stocks since the transactions did not result in either the sale or exchange of any stock. The Commissioner, however, contends that these losses must be considered as gains or losses from sales or exchanges of stocks which were not capital assets because of the express provision of subsection (s) (B). Subsection (s) is as follows:

(s) SAME—SHORT SALES.—For the purpose of this title, gains or losses (A) from short sales of stocks and bonds, or (B) attributable to privileges or options to buy or sell such stocks and bonds, or (C) from sales or exchanges of such privileges or options, shall be considered as gains or losses from sales or exchanges of stocks or bonds which are not capital assets.

The profit from a put, like the profit from a short sale, depends upon a decline in the market. In this respect and in the use to which the two transactions may be put, there is some similarity be-

tween a put and a short sale. However, there are marked and essential differences between puts and short sales, and the, losses in this case, which resulted from the expiration of the puts, or options to sell, are not losses from short sales and the transactions certainly can not be described as short sales. The petitioner, therefore, argues that the title to subsection (s) indicates that it has no application here. He also points to the presence of the word "such" in clause (B) and argues that the phrase "such stocks" must refer to stocks previously mentioned in subsection (s), and, therefore, must refer to stocks involved in short sales. Although the construction and the grammar of the statutory provision in question are obviously open to the two attacks made by this petitioner, nevertheless we have come to the conclusion that the provision was intended to apply and does apply to situations like the one presented in this case.

(B) must be given some reasonable meaning if a proper interpretation is to be found. Yet the petitioner is unable to suggest a possible meaning for (B) which is acceptable. In case any privilege or option to buy or sell stocks and bonds results in a short sale, the cost of the privilege or option becomes a part of the cost of the stock involved in the short sale and the entire transaction is fully provided for in (A). Cf. *Realty Sales Co.*, 10 B. T. A. 1217; *Aiken* v. *Commissioner*, 35 Fed. (2d) 620, affirming 10 B. T. A. 553. (B) was wholly unnecessary to cover such a situation and, therefore, its purpose must be sought elsewhere. *Sandberg* v. *McDonald*, 248 U. S. 185; *Wilson* v. *Rousseau*, 4 How. 645; *Carbon Steel Co.* v. *Lewellyn*, 251 U. S. 501. An examination of other section and subsection titles in the Revenue Act of 1932 discloses that the titles are in some instances narrower in their scope than the provisions listed under them. Section 23 itself is entitled "Deductions From Gross Income", and, although most of the subsections constitute a list of deductions, nevertheless several other subsections do not add to the list of deductions. Subsection (g), instead of providing for another deduction, deals with the basis for determining loss. See also subsections (m), (r), (s), and (t), none of which provides for any deduction.

The uncertainty which gives rise to the present controversy is not present in the Revenue Act of 1934. There, Congress avoided all uncertainty by using language which was more appropriate for expressing the intention which Congress had in mind.[1] If the legislative draftsmen had added "etc." after the words "short sales" in the

---

[1] See section 117 (e) of the Revenue Act of 1934, entitled "Gains and Losses from Short Sales, Etc." and providing in part:

"Gains or losses attributable to the failure to exercise privileges or options to buy or sell property shall be considered as gains or losses from sales or exchanges of capital assets held for one year or less." [Italics supplied.]

title of subsection (s) of the Revenue Act of 1932, and if they had omitted the word "such" in clause (B), there could be no doubt of the applicability of the provision to the facts of the present case.

Congress was placing certain limitations upon losses in the Revenue Act of 1932 in order to protect the revenues. The benefit of losses from the sales of capital assets was limited to the amount of gains from capital assets. Subsection (r) was intended to provide a similar limitation upon the benefit to be derived from losses from the sale or exchange of stocks or bonds which were not capital assets. The legislative history of subsection (s) indicates that Congress intended by that provision to extend the limitation of (r) to include losses from short sales of stocks and bonds, from unexercised options to buy or sell stocks and bonds, and from the sale or exchange of such options. The following excerpt is from the report of the Finance Committee of the Senate, p. 19, S. R. 665, 72d Cong., 1st sess.:

Subsection (s) requires that gains or losses from short sales of stocks and bonds, or from privileges or options to buy such securities, shall be treated as gains or losses from the sale or exchange of stocks and bonds held for less than two years. Your committee is of the opinion that there should be no distinction between such transactions and sales or exchanges of stocks and bonds. Accordingly, the limitation on stock losses is extended to this type of transactions.

See also H. R. No. 708, 72d Cong., 1st sess., p. 13.

The Supreme Court said in *Ozawa* v. *United States*, 260 U. S. 178:

It is the duty of the court to give effect to the intent of Congress. Primarily this intent is ascertained by giving the words their natural significance, but if this leads to an unreasonable result plainly at variance with the policy of the legislation as a whole, we must examine the matter further. We may then look to the reason of the enactment and inquire into its antecedent history and give it effect in accordance with its design and purpose, sacrificing, if necessary, the literal meaning in order that the purpose may not fail.

See also *Hawaii* v. *Mankichi*, 190 U. S. 197; *In re Chapman*, 166 U. S. 661. Poor draftsmanship is not lightly to be attributed to Congress. Search should be made for an interpretation which will give full meaning, not only to the words used in the provision itself, but to the words used in the title. However, we have been unable to discover any reasonable meaning for the provision in question except one which limits the loss of this taxpayer. We have been forced to the conclusion that in this particular instance the title was not all-inclusive and the word "such" in (B) must have been used inadvertently. Although the title and the use of the word "such" are somewhat misleading, the meaning of the section is the same as it would be had Congress inserted "etc." in the title and omitted the word "such" in (B). It follows that (s) applies in the present case, with the result that the limitation of (r) also applies.

*Decision will be entered for the respondent.*